IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDDIE EDWARDS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:25-CV-225-X-BW | |
| § | | |
| DIRECT EXPRESS FRAUD § | | |
| DIVISION, § | | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Freddie Edwards's Complaint and Motion for Leave to Proceed In Forma Pauperis, received on January 29, 2025. (Dkt. Nos. 2, 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** this action without prejudice for lack of subject matter jurisdiction.

## I.  BACKGROUND

Edwards, a resident of Denton County, Texas, filed a complaint against Direct Express Fraud Division, which he identifies by a mailing address in San Antonio, Texas.  (*See* Dkt. No. 2 at 1.)  He complains that Defendant allowed others to obtain debit cards under his name and steal approximately $16,000 from his bank account. (*Id.*)  He alleges that he did not authorize the transactions because he was in prison during that time, and he contends that Defendant has refused to refund the money to him.  (*Id.*)

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.

On the Civil Cover Sheet, in which Edwards listed the Defendant as "Direct Express Fraud Company Co.," he indicates that jurisdiction lies in this Court because the United States government is a defendant in this action. (Dkt. No. 2 at ECF p. 2.) He also noted that both Plaintiff and Defendant are citizens of Texas. (*Id.*) As for the nature of suit, Edwards checked boxes for "Other Personal Injury," "Other Fraud," "Employee Retirement Income Security Act," and "Banks and Banking." (*Id.*)

## II. ANALYSIS

Because Edwards is asking to proceed in forma pauperis ("IFP") in this action, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Before screening an IFP complaint under 28 U.S.C. § 1915(e), however, the Court should always examine, sua sponte, if necessary, the threshold question of whether it has subject matter jurisdiction. *See The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: (1) an action "arising under the Constitution, laws, or treaties of the United States," also known as federal question jurisdiction; or (2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, also known as diversity jurisdiction. 28 U.S.C.

§§ 1331, 1332. The party seeking a federal forum bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. United States ex rel. United States Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

Federal question jurisdiction "exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (internal quotation marks omitted). A federal statute or rule need not be cited by name to establish jurisdiction, but the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; it cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (internal quotation marks omitted). Even if a plaintiff alleges a claim created by or implicating a substantial question of federal law, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion.'" *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted).

Regarding diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). The party asserting jurisdiction must "distinctly and affirmatively allege[ ]" the basis for diversity jurisdiction, and the failure to do

so "mandates dismissal." *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (internal quotation marks omitted).

The Court must liberally construe pleadings filed by pro se litigants such as Edwards. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that pro se pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"). Liberally construing Edwards's complaint with all deference due a pro se litigant, his cause of action, if any, is inartfully pled, and he has not alleged facts sufficient to establish federal question or diversity jurisdiction. Indeed, he expressly acknowledges on the Civil Cover Sheet that diversity between the parties does not exist. (Dkt. No. 2 at ECF p. 2.) *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (stating that a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted) Additionally, Edwards's allegations do not suggest that Defendant, an apparent private company, is a United States government agency or has any connection to the federal government that could support jurisdiction in this Court under 28 U.S.C. § 1345.

Because the facts alleged by Edwards clearly demonstrate that this Court lacks subject matter jurisdiction, it should dismiss the complaint sua sponte and without prejudice.

### III.  LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir.

2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As explained, the facts as alleged by Edwards demonstrate a lack of subject matter jurisdiction in this Court that does not appear to be curable by amendment. Granting leave to amend therefore would be futile and cause needless delay.

## IV.  RECOMMENDATION

The Court should **DISMISS** this action without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED** on March 25, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).